This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

   **Plaintiff-Appellee,**

**v.**              **No. 35,002**

**BRIAN MICHAEL DUNNIHOO,**

   **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Daniel Viramontes, District Judge**

Hector J. Balderas, Attorney General
Santa Fe, NM

for Appellee

Gary C. Mitchell, P.C.
Gary C. Mitchell
Ruidoso, NM

for Appellant

        **MEMORANDUM OPINION**

**KENNEDY, Judge.**

{1}    Defendant has appealed from convictions for multiple sex crimes against a minor. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2}    Because the pertinent background information and applicable principles have previously been set out, we will avoid unnecessary repetition here, and instead focus on the content of the memorandum in opposition.

{3}    Defendant continues to assert that his constitutional right to a speedy trial was violated. [MIO 1-13] As support for this, Defendant principally argues that the speedy trial clock should be said to have commenced running on the date the earliest offense was committed, in June 2001. [MIO 1-6, 8, 12-13] We disagree.  As the New Mexico Supreme Court has repeatedly observed, the right to a speedy trial attaches when the defendant becomes an accused, either by a filing of a formal indictment or information, or by virtue of arrest and holding to answer. *State v. Maddox*, 2008-NMSC-062, ¶ 10, 145 N.M. 242, 195 P.3d 1254; *State v. Urban*, 2004-NMSC-007, ¶ 12, 135 N.M. 279, 87 P.3d 1061, *abrogated on other grounds by State v. Garza*, 2009-NMSC-038, ¶¶ 47-48, 146 N.M. 499, 212 P.3d 387; *State v. Manzanares*, 1996-NMSC-028, ¶ 8, 121 N.M. 798, 918 P.2d 714. To the extent that Defendant invites this Court to reconsider that general rule, we must decline. *See*

*generally Behrens v. Gateway Court, LLC*, 2013-NMCA-097, ¶ 16, 311 P.3d 822 ("[T]his Court is bound by our Supreme Court's precedent."), *cert. quashed*, 2014-NMCERT-010, 339 P.3d 426.

{4} Turning with specificity to the four speedy trial factors, we understand Defendant to argue that for purposes of evaluating the first factor, the length of the delay should at a minimum be calculated from the date upon which the victim reached the age of majority, as opposed to the date of Defendant's arrest. [MIO 4-5, 8] Once again, in light of the existence of clear, controlling precedent, we must disagree. *See id.*

{5} With respect to the second factor, Defendant contends that the reasons for the delay should be attributed to the State, again relying on the notion that the analysis should encompass the entire time frame between the date of the earliest offense until the trial on the merits resulting in his convictions. [MIO 9-11] As previously stated, we must reject the premise. *See id.* We similarly decline to analogize to situations in which the State is assigned responsibility for delays associated with its own failure to locate individuals in custody. [MIO 10-11]

{6} With respect to the third factor, Defendant contends that "he could not assert his rights to a speedy trial" prior to his arrest. [MIO 11] While this may be true, for the reasons previously stated it is irrelevant. *Id.*

3

{7} With respect to the fourth and final factor, Defendant concedes that insofar as he was not held in custody while awaiting trial, he cannot be said to have suffered oppressive pretrial incarceration. [MIO 11] Nevertheless, we understand Defendant to contend that he suffered undue anxiety as a result of his awareness, before the charges were brought, that the victim "intended to exact some type of punishment" against him. [MIO 12] Once again, we fail to see how this could be regarded as a relevant consideration. *Id.* Defendant further suggests that his defense was impaired, by virtue of the lengthy delay between the commission of the offenses and the actual trial resulting in his convictions, insofar as that time lapse diminished his ability to establish any alibi. [MIO 12] Once again, in light of the relevant time frame, Defendant's argument is misplaced. It is also impermissibly speculative. *Cf. State v. Ervin*, 2002-NMCA-012, ¶¶ 17-20, 131 N.M. 640, 41 P.3d 908 (rejecting a claim of prejudice, where delay in reporting and prosecution, as well as the breadth of the charging time frame, allegedly precluded the defendant from pursuing an alibi defense). We therefore remain unpersuaded.

{8} Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

{9} **IT IS SO ORDERED.**

                                    **RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**STEPHEN G. FRENCH, Judge**